IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOLPHUS OTIS FUDGE, | No. 3:20-CV-02112 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| ROBERT MARSH, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION**

**MARCH 25, 2022**

## I.  BACKGROUND

Plaintiff, Dolphus Otis Fudge ("Fudge"), a state inmate formerly incarcerated at the Benner Township State Correctional Institution, ("SCI-Benner Township"), Bellefonte, Pennsylvania,[1] commenced this civil rights action pursuant to 42 U.S.C. § 1983, on November 12, 2020, naming as Defendants the following SCI-Benner Township employees:  Superintendent Robert Marsh ("Marsh"); Dr. Jeffrey Boland ("Boland"); Dr. Kevin Kollman ("Kollman"); CRNP Kelly Eyer ("Eyer"); 1st Shift Shift Commander, John Doe(s), Sgt. And Lts. Working John Doe(s), John Doe(s)  and Corrections Officers.[2]  On March 25, 2021, Defendants Kollman and Eyer moved pursuant to Rule 12(b)(6) of the

---

[1] Plaintiff is currently housed at the Create House, 1920 E. Market Street, Bethlehem, Pennsylvania.
[2] Doc. 1.

Federal Rules of Civil Procedure to dismiss Fudge's complaint and on March 29, 2021, Defendants Boland, Marsh, and 1st Shift Shift Commander moved for dismissal.

By Memorandum Opinion dated February 18, 2022, the Court granted Defendants' motions to dismiss, with leave to Fudge to file an amended complaint within thirty (30) days.³ The Order forewarned Plaintiff that failure to submit an amended complaint or otherwise respond to the Order within the relevant time period would result in dismissal of his action for failure to prosecute.⁴

## II. DISCUSSION

A review of the docket shows that since the February 18, 2022 Memorandum and Order, Fudge has not made any filings with the Court. Nor has Plaintiff requested additional time in which to file an amended complaint. Fudge has also not sought reconsideration of the February 18, 2022 Memorandum and Order.

If a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action.⁵

---

3  Doc. 33.
4  *Id.*
5  *See Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir.1984); *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir.1991) (failure of a plaintiff to comply with a court's specific direction to comply with a local rule which required the filing of an opposing brief, warranted the treatment of a motion to dismiss as being unopposed and subject to dismissal without a merits analysis).

In a similar case, the United States Court of Appeals for the Third Circuit recognized that a district court "has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and Federal Rule of Civil Procedure 41(b)" when a litigant fails to comply with a court order directing him to file an amended complaint.[6]

The Third Circuit in *Poulis* set forth six (6) factors which must be considered in determining whether to dismiss an action with prejudice for failure to prosecute: (1) extent of the party's personal involvement; (2) prejudice to the opposing party by the dilatoriness; (3) whether a history of dilatoriness existed; (4) whether the dilatoriness was willful and in bad faith; (5) possible effectiveness of alternative sanctions; and (6) the merit of the claim or defense.[7]

Adequate grounds have been established for the extreme sanction of dismissal.[8]  It is initially noted that even under the most generous treatment given to Plaintiff's Original Complaint, the factual averments contained within the complaint failed to state a meritorious claim.  Thus, the Original Complaint could not be allowed to proceed.  Furthermore, although Fudge has been granted a

---

[6] *See Azubuko v. Bell National Organization*, 243 Fed. Appx. 728, 729 (3d Cir.2007).
[7] *See Adams v. Trustees, NJ Brewery Trust Fund*, 29 F.3d 863 (3d Cir.1994).
[8] Although *Azubuko*, 243 Fed. Appx. at 729, recognizes a "balancing under *Poulis* is unnecessary" in cases such as the present matter where a litigant's conduct makes adjudication of the case impossible, other Third Circuit decisions indicate that the *Poulis* analysis should be undertaken. *See Hernandez v. Palakovich*, 293 Fed. Appx. 890, 894 (3d Cir.2008) (*Poulis* factors must be considered before dismissing a case as a sanction for failure to follow a court order).

3

reasonable period of time, he has failed to make any attempt to submit an amended complaint as directed. Accordingly, a finding of dilatoriness and willful conduct is warranted. Second, other sanctions are not a viable alternative because this matter simply cannot proceed without the filing of an adequate amended complaint.

### III. CONCLUSION

Based on the present circumstances, dismissal of this action without prejudice for failure to prosecute is warranted under the standards announced in *Azubuko* and *Poulis*.

An appropriate Order will enter.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge